IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS HUGO VALDEZ, § | | |
| TDCJ-CID #1254215, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-08-1139 | |
| § | | |
| IRVING POLICE DEPARTMENT, § | | |
| et al., § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Carlos Hugo Valdez, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), brings this 42 U.S.C. § 1983 action alleging that he has been illegally convicted of a crime. This is the second time he has filed such a complaint. See Valdez v. Medina, No. H-07-1667 (S.D. Tex. May 25, 2007). Valdez has also filed an Application to Proceed In Forma Pauperis (Docket Entry No. 2). The pauper's application will be granted, and Valdez's civil rights complaint will be dismissed as a duplicative and malicious action under 28 U.S.C. § 1915(e).

Valdez names various police agencies and officials as defendants. They include the Police Department for the City of Irving, Texas;[1] Jorge Medina, Task Force Agent for Laredo Police

---

[1] Irving, Texas, is located near Grand Prairie.

Department; Lt. Flores of the Laredo Task Force; Tito Tijerina, U.S. Customs Agent; and George Palmer, U.S. Border Patrol Agent. Valdez alleges that he was falsely arrested and charged with possession of marijuana in Grand Prairie, which is located in Ellis County, Texas. He argues that he is the victim of entrapment and denies possessing any drugs or being in the house where the drugs were found. Valdez alleges that he was working undercover and that he had a secret agreement with Tijerina. (Docket Entry No. 1 at 4) He alleges that there was a contract with the United States Department of Justice as a secret agent known as "Bond, James Bond." Id. at 4, 11. He alleges that the Irving Police Department wanted him to work for them also, but he was too "ignorant" to provide any help. Id. Consequently, the defendants entrapped him and caused him to be falsely convicted. Valdez requests that this court inform the City of Irving about the false charges against Valdez and Valdez's status as a secret agent. Id. at 5. He also demands $800,000,000.00.

Valdez has previously filed a prisoner civil rights suit in which he sought a pardon for a crime for which he asserted he was wrongly convicted. See Valdez v. Medina, No. H-07-1667, Docket Entry No. 4. He further alleged that he had been employed as a special agent by the U.S. Customs Service and the I.N.S. who knew him as "Bond, James Bond exactly like that on top of [his] secret file." Id. at 1. The court dismissed the civil rights complaint

noting that Valdez needed to file a habeas petition challenging his Ellis County conviction for possession of marijuana.  Although the claims concerned parties and events outside the Southern District of Texas, the court declined to transfer the proceeding to the Northern District of Texas because it was apparent that Valdez had not exhausted his state court remedies.

This court will also dismiss this action rather than transfer it to another court since it is clear that the action is legally baseless and duplicative.  In addition to the frivolous claims raised in H-07-1667, Valdez filed another suit against Agent Tijerina, Officer Medina, Agent Palmer, and other officials regarding events that occurred in Laredo, Texas.  Valdez v. Tijerina, No. H-07-2063 (S.D. Tex. Jul. 3, 2007).  That action was transferred from the Houston Division of the Southern District of Texas to the Laredo Division.  Valdez v. Tijerina, No. L-07-87 (S.D. Tex. pending).  Maintenance of the instant action in any court would be redundant and an impermissible waste of judicial resources.  See Mayfield v. Collins, 918 F.2d 560, 561-62 (5th Cir. 1990).

A federal court is authorized to dismiss a claim filed in forma pauperis if the court determines that the action is malicious.  An in forma pauperis prisoner's civil rights suit is malicious as a matter of law and is subject to dismissal where the suit raises claims that are duplicative of a prior suit filed by

the same prisoner in federal court.  See Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993).  28 U.S.C. § 1915(e)(2).  This prisoner civil rights action will be dismissed as malicious under 28 U.S.C. § 1915(e).  Wilson v. Lynaugh, 878 F.2d 846 (5th Cir. 1989).

### Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED.**

2. The TDCJ-CID Inmate Trust Fund shall deduct 20 percent of each deposit made to Valdez's account and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire filing fee ($350.00) has been paid.

3. This prisoner civil rights Complaint, filed by Inmate Carlos Hugo Valdez, TDCJ-CID #1254215 (Docket Entry No. 1), is **DISMISSED** as malicious. 28 U.S.C. § 1915(e)(2)(B)(i).

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793, and (3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

**SIGNED** at Houston, Texas, on this 23rd day of April, 2008.

SIM LAKE
UNITED STATES DISTRICT JUDGE